FILED

2013 Feb-21  PM 03:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **CONSWELLO ADAIR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 1:12-CV-3022-VEH** |
| | ) | |
| **HONDA MANUFACTURING OF** | ) | |
| **ALABAMA, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

## MEMORANDUM OPINION AND ORDER

### I.      Introduction

Pursuant to this court's repleader order (Doc. 7) entered on October 3, 2012, Plaintiff filed an amended complaint (Doc. 8) on January 2, 2013. Pending before the court is Defendant's Motion To Dismiss (Doc. 9) (the "Motion") filed on January 16, 2013. The Motion seeks an order dismissing Plaintiff's amended pleading or alternatively an order requiring Plaintiff to provide a more definite statement of her claims. (*Id.* at 9).

On January 18, 2013, the court entered a briefing order on the Motion. (Doc. 10). Pursuant to this briefing order, Plaintiff filed a response to the Motion (Doc. 12) on February 1, 2013, and Defendant replied (Doc. 13) on February 8, 2013.

The court held a hearing on the Motion on February 20, 2013.  As explained below, the Motion is **DENIED** to the extent that it seeks a dismissal of this lawsuit with prejudice, but is **GRANTED** to the extent that it seeks a more definite statement.

## II.    Standards

### A.    Rule 12(b)(6)

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint.  *See* Fed. R. Civ. P. 12(b)(6).  The Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *see also* Fed. R. Civ. P. 8(a).

While a plaintiff must provide the grounds of her entitlement to relief, Rule 8 does not mandate the inclusion of "detailed factual allegations" within a complaint. *Twombly*, 550 U.S. at 545 (quoting *Conley*, 355 U.S. at 47).  However at the same time, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563.

"[A] court considering a motion to dismiss can choose to begin by identifying

pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine <u>whether they plausibly give rise to an entitlement to relief</u>." *Id.* (emphasis added). "Under *Twombly*'s construction of Rule 8 . . . [a plaintiff's] complaint [must] 'nudge[] [any] claims' . . . 'across the line from conceivable to plausible.' *Ibid.*" *Iqbal*, 129 S. Ct. at 1950-51.

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

**B.    Rule 12(e)**

Rule 12(e) provides:

A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the

pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e).

### III.    Rulings

#### A.    Rule 12(b)(6)

Defendant premises its Motion upon Plaintiff's alleged failure to adhere to the requirements of *Twombly* and its progeny when filing an amended complaint on January 2, 2013. For the reasons stated in open court during the hearing and consistent with the court's denial (Doc. 7) on October 3, 2012, of Defendant's first attempt (Doc. 6) at obtaining a dismissal of Plaintiff's claims based upon comparable unpersuasive arguments, the Rule 12(b)(6) portion of the Motion is **DENIED**.

#### B.    Rule 12(e)

However, as articulated during the hearing, the Rule 12(e) part of the Motion is **GRANTED**.  Accordingly, Plaintiff is **HEREBY ORDERED** to replead her claims within ninety days of the entry date of this order.  Such amended pleading must:

(1)    Allege that Plaintiff worked over 40 hours in at least some work weeks and was not paid overtime for that week or weeks involving additional amount(s) of compensable time;

(2)    Clarify the time frame(s) in which Plaintiff is alleging she was not paid

overtime during the course of her employment with Defendant.  To satisfy this requirement, Plaintiff should allege the year in which the first overtime violation happened through the year in which the last one occurred or until the present (if Plaintiff is a current employee of Defendant and contends that such violations are still occurring).  Additionally, Plaintiff should specify whether overtime violations occurred for all position(s) that she has held or alternatively only with certain position(s) and/or shift(s) within certain department(s) and/or under certain supervisor(s); and

(3)    Restate her allegations about Defendants' rounding practice (Doc. 8 ¶ 13) to more accurately reflect Plaintiff's position.

## IV.    Conclusion

Accordingly, the Motion is **GRANTED** as to the alternative relief requested by Defendant, but is otherwise **DENIED**.  As stated above, the deadline for Plaintiff to restate her claims is within ninety days of the entry date of this order.

Additionally, due to the similar, if not identical nature of the motions to dismiss that are pending in 376 of the other 383 cases that resulted from the court's decertification order (Doc. 194) entered in the related lawsuit of *Burroughs v. Honda*, 1:08-CV-1239-VEH, on July 19, 2012, the court is persuaded to apply its decision here in those other actions.  Accordingly, the clerk is **DIRECTED** to deny by margin

order all of those pending motions based upon the court's reasoning contained

herein.[1]

      **DONE** and **ORDERED** this 21st day of February, 2013.

                                              **VIRGINIA EMERSON HOPKINS**
                                              United States District Judge

---

[1]  Attached hereto as Exhibit A is a list of the cases that resulted from the court's decertification order (Doc. 194) entered in the related lawsuit of *Burroughs v. Honda*, 1:08-CV-1239-VEH, on July 19, 2012.  Nearly all of these lawsuits have motions to dismiss pending and those that do not are expressly noted on the list.